**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **VIVIAN COSSE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-11359** |
| **STATE FARM INSURANCE COMPANY, ET AL.** | **SECTION B(1)** |

**ORDER**

Before the Court is Plaintiffs' Motion To Remand. (Rec. Doc. No. 7). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED.**

*BACKGROUND*

Plaintiffs' property allegedly sustained extensive damage as a result of Hurricane Katrina.

On August 25, 2006, Plaintiffs filed suit against Defendants State Farm Fire And Casualty Company ("State Farm")[1] and Rodney Cosse in the 25th Judicial District Court for the Parish of Plaquemines. Plaintiffs assert breach of contract and bad faith claims against Defendant State Farm, *inter alia*. Plaintiffs further assert claims of negligence against insurance agent Rodney Cosse for failing to procure adequate insurance coverage, failing to advise Plaintiffs, and misrepresenting insurance policy terms,

_____

[1]Incorrectly named State Farm Insurance Company.

1

*inter alia.*

State Farm removed the matter to federal court claiming federal subject matter exists pursuant to diversity of citizenship and federal question jurisdiction. State Farm contends the requirements of 28 U.S.C. § 1332 are satisfied as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties. State Farm claims Rodney Cosse, the non-diverse party, was improperly joined.

Plaintiffs contend Rodney Cosse was properly joined, therefore, diversity of citizenship is destroyed. Plaintiffs claim this Court lacks jurisdiction and moves the Court to remand.

### DISCUSSION

**A.   Improper Joinder**

Civil actions may be removed from state court when the United States district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.,*

385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* at 573. The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id* at 573. A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

State Farm argues Plaintiffs failed to state a viable claim against Rodney Cosse. "Pleadings are to be construed to do substantial justice." *Hill v. North-central Area Vocational*

3

*School*, 310 So.2d 104 (La. 1975)(citing La. Code Civ. Proc. art. 854).[2]  A petition is only required to state material facts upon which a cause of action is based.  *Id.* (citing La. Code Civ. Proc. art. 891).    Louisiana recognizes an agent's duty to procure requested insurance. *Karam v. St. Paul Fire & Marine Ins. co., 281 So.2d 728 (La. 1973).*  Further, Louisiana courts acknowledge that an "agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." *Southern Athletic Club, L.L.C. v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La. 2006)(quoting *Graves v. State Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773 (La. App. 3 Cir. 6/26/02)). Plaintiffs may prove a set of facts in support of claims entitling it to relief.  Therefore, the Court finds that Plaintiffs stated viable claims against Defendant Rodney Cosse.

State Farm further argues that Plaintiff's claims against Rodney Cosse are perempted. Thus, State Farm claims Rodney Cosse was improperly joined.

La. Rev. Stat. Ann. § 9:5606 (2006) provides in pertinent

---

[2]Plaintiff filed the Petition in state court.  Accordingly, this Court will apply the applicable Louisiana law to interpret the allegations of Plaintiff's petition.

4

part:

> No action for damages against any insurance
> agent, broker, solicitor, or other similar
> licensee under this state, whether based upon
> tort, or breach of contract, or otherwise,
> arising out of an engagement to provide
> insurance services shall be brought unless
> filed in a court of competent jurisdiction and
> proper venue within one year from the date of
> the alleged act, omission, or neglect, or
> within one year from the date that the alleged
> act, omission, or neglect is discovered or
> should have been discovered. However, even as
> to actions filed within one year from the date
> of such discovery, in all events such actions
> shall be filed at the latest within three
> years from the date of the alleged act,
> omission, or neglect.

The initial policy procurement falls outside of the three year peremptive period. However, a policy renewal may be the basis of a separate tort when the complained of conduct consists of separate and distinct acts giving rise to "immediately apparent damages." *Southern Athletic Club*, 2006 WL 2583406 (E.D.La. 2006)(citing *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182-83 (La. App. 5 cir. 10/26/04) and *Sonnier v. Louisiana farm Bureau Mutual Ins. Co.*, 924 So.2d 419, 422 (La. App. 3 Cir. 3/1/06).

The determinative issue before the Court is whether Plaintiffs should have discovered the alleged acts or omissions thereby implicating the one year peremptive period. Louisiana law imposes a duty on the insured to read and to know his insurance policy

provisions. *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006)(citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95).

In *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006), the court contemplated whether plaintiffs' non-diverse insurance agent was improperly joined as a defendant. Removing defendant proffered the argument that plaintiffs' claims against the insurance agent were perempted under Louisiana Revised Statute § 9:5606. *Id.* The Court noted that further factual development may establish that Plaintiffs reliance upon the agent to provide adequate insurance coverage may be well-founded and may excuse Plaintiffs failure to discover the alleged omission notwithstanding the policy language. Therefore, the Court held the claims against the agent had not perempted and the agent was not improperly joined.

Here, Plaintiffs and State Farm submitted affidavits raising genuine issues of material fact. Plaintiffs allege they relied on Rodney Cosse's misrepresentations. Further, all affidavits acknowledge communications between Plaintiffs and Rodney Cosse regarding insurance within the peremptory period. Without further factual development regarding the basis for Plaintiffs' reliance and whether or not the reliance was well founded, the Court cannot

6

conclude that Plaintiff has no possibility of recovery against the in-state defendant.

The Court finds Defendant Rodney Green was not improperly joined. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED.**

New Orleans, Louisiana this 1st day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE